UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMITH BRADFORD RENERICK,<br><br>                Petitioner,<br><br>  vs.<br><br>ERIC H. HOLDER, Attorney General, et al.,<br><br>                Respondents. | CASE NO. 14CV1238 BEN (JLB)<br><br>**ORDER FINDING THE COURT LACKS JURISDICTION AND TRANSFERRING CASE** |

    Petitioner Smith Bradford Renerick has filed a Petition under 28 U.S.C. § 2241 challenging a final order of removal and a motion to stay his removal while he challenges the final order of removal. (Docket Nos. 1, 3.) The United States has filed a Return to the Petition. (Docket No. 7.) Petitioner did not file a traverse. Because this Court lacks jurisdiction to consider Petitioner's challenge to the final order of removal and it appears transfer would serve the interest of justice, the case is transferred to the United States Court of Appeals for the Ninth Circuit.

## BACKGROUND

    Petitioner, a native and citizen of Belize, was removed to Belize on March 5, 2004 following a decision by an Immigration Judge ("IJ") that was affirmed by the Board of Immigration Appeals ("BIA"). He had been charged with removability as a lawful permanent resident convicted of a firearm offense.

1    Petitioner re-entered the United States very shortly thereafter on July 4, 2005. He was taken into custody by Immigration Customs Enforcement on November 26, 2013 and processed for reinstatement of removal pursuant to 8 U.S.C. § 1231(a)(5). Section 1231(a)(5) provides for reinstatement of a prior order of removal when "an alien has reentered the United States illegally after having been removed."

Petitioner sought to prevent his removal under 8 U.S.C. § 1231(b)(3) and 8 C.F.R. § 1208.31. Section 1231(b)(3) provides that an alien may not removed "to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion" and § 1208.31 outlines the reasonable fear determination process. Petitioner claimed that he feared returning to Belize because he believed he would be killed by a gang and that the gang was targeting him because of his close friendship with an individual who killed the gang's leader.

Petitioner received a credible fear interview before U.S. Citizenship and Immigration Services ("USCIS"). USCIS found Petitioner had not established a reasonable fear of persecution because the harm he feared was not based on one or more of the five grounds for asylum (race, religion, nationality, political opinion, or membership in a particular group) nor would the harm be at the instigation or with the consent of a public official. Petitioner requested and received review of the decision by an IJ. The IJ heard testimony, found Petitioner had not established a reasonable fear he would be persecuted based on any of the categories previously noted or a reasonable possibility he would be tortured if removed to Belize, and concurred in USCIS's reasonable fear determination.

The IJ's April 30, 2014 order indicates it is a final order of removal and that no administrative appeal is available. Petitioner filed the instant Petition on May 16, 2014 challenging the IJ's final order of removal. The Government has obtained a travel document to remove Petitioner to Belize.

///

## DISCUSSION

### I. Jurisdiction

Judicial review of removal orders is governed by 8 U.S.C. § 1252, as amended by the REAL ID Act of 2005. Under the REAL ID Act, any challenge to Petitioner's removal order must be directed to the applicable courts of appeals.

> Notwithstanding any other provision of law (statutory or nonstatutory), including *section 2241 of Title 28, [. . .] a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal* entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to *section 2241 of Title 28*.

8 U.S.C. § 1252(a)(5) (emphasis added); *see also Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006) ("The REAL ID Act . . . eliminated district court habeas corpus jurisdiction over orders of removal and vested jurisdiction to review such orders exclusively in the courts of appeal.").

"Post-REAL ID Act cases considering the applicability of § 1252 have distinguished between challenges to orders of removal and challenges that arise independently." *Singh v. Gonzales*, 499 F.3d 969, 978 (9th Cir. 2007). However, even when a challenge arises independently, the district court lacks jurisdiction over any challenge that "is wholly intertwined with the merits of [the] removal order." *Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011) (holding that the petitioner's habeas petition did nothing more than attack the immigration judge's removal order and was wholly intertwined with the merits of his removal order).

Here, Petitioner directly challenges the IJ's decision that he is not entitled to relief and the reinstatement of the order of removal. There is no independent challenge, rather, it is a challenge to a final order of removal. The IJ's decision is the final order of removal because under § 1208.31(g)(1) "[i]f the immigration judge concurs with the asylum officer's determination that the alien does not have a reasonable fear of persecution or torture, the case shall be returned to the Service for

removal of the alien. No appeal shall lie from the immigration judge's decision."

This is a challenge to the final order of removal that this Court does not have jurisdiction to consider.

**II.     Transfer**

The Government notes in its Return that if the Court finds it lacks jurisdiction, the case may be transferred to the Ninth Circuit under 28 U.S.C. § 1631. Section 1631 provides that when the "court finds that there is want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." Transfer is appropriate if: (1) this Court lacks jurisdiction; (2) this action could have been brought in the Ninth Circuit at the time it was filed; and (3) transfer would be in the interest of justice.

This Court lacks jurisdiction over Petitioner's challenge to the final order of removal. It also appears, based on the record before the Court, that this action could have been filed in the Ninth Circuit at the time it was filed in this Court. As noted above, under § 1252(a)(5) "an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal" and the Petition was "filed not later than 30 days after the date of the final order of removal." § 1252(b)(1). Finally, "normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *Baeta v. Sonchik*, 273 F.3d 1261, 1264 (9th Cir. 2001). Accordingly, the Court transfers this action to the Ninth Circuit.[1]

///

---

[1] In reaching this conclusion, the Court expresses no opinion on the merits of the Petition.

## CONCLUSION

This Court lacks jurisdiction to consider Petitioner's challenge to the final order of removal. The matter is **TRANSFERRED** to the United States Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. § 1631.

**IT IS SO ORDERED.**

DATED: October 24, 2014

Hon. Roger T. Benitez
United States District Judge